SUMMARY ORDER

Plaintiff, Maureen McNamara, appeals from a judgment entered August 18, 2008 in the United States District Court for the Eastern District of New York (Irizarry, /.). On defendant’s motion, the district court dismissed McNamara’s claims for lack of subject-matter jurisdiction and for failure to state a cause of action. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
We have considered McNamara’s arguments, and they are without merit. The majority of her claims fail on one or more of the doctrines of sovereign immunity, official judicial immunity, and standing. Arguably, claims under the ADA; the First Amendment; and the Due Process, Equal Protection, and Guarantee clauses survive; however, to the extent that they do, McNamara has not plausibly pleaded sufficient facts to survive a motion to dismiss. Her CPLR Article 78 claim fails for lack of subject-matter jurisdiction. See Morningside Supermarket Corp. v. N.Y. State Dep’t of Health, 432 F.Supp.2d 334, 346 (S.D.N.Y.2006); Cartagena v. City of N.Y., 257 F.Supp.2d 708, 710 (S.D.N.Y.2003).
We note finally, in dicta, that we do not rely upon the district court’s application of the Rooker-Feldman doctrine in affirming. Rooker-Feldman only applies when the requested federal court remedy of an alleged injury caused by a state court judgment would require overturning or modifying that state court judgment. See Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir.2005). Inasmuch as McNamara’s claims challenge the procedures applied in all attorney disciplinary proceedings and seek damages and prospective relief rather than a modification of her suspension or reinstatement orders, her claims would not appear to be barred by Rooker-Feldman. Nevertheless, her claims were properly dismissed for the reasons noted above.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.